ALYSSA CARTON,

       Plaintiff,

v.                                                                        CIV 17-0038 KBM/JHR

COLE MT ALBUQUERQUE (SAN MATEO) NM LLC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the motions for attorney fees filed in the cases listed below.

Plaintiff filed 99 cases asserting that Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and related regulations. The Court dismissed with prejudice Plaintiff's claims against Defendants as malicious pursuant to the statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915(e)(2), and granted Defendants leave to file counterclaims and motions for attorney fees. *See* Doc. 40, filed October 26, 2017 ("Dismissal Order"). Defendants filed motions for attorney fees in the following cases:

| | |
|---|---|
| 1:17-cv-00038-KBM-JHR | Carton v. Cole MT Albuquerque (San Mateo) NM LLC |
| 1:17-cv-00040-KK-SCY | Carton v. HDY LLC |
| 1:17-cv-00063-JHR-SCY | Carton v. Cole AB Albuquerque NM, LLC |
| 1:17-cv-00083-LF-JHR | Carton v. Southwest Capital Projects, LLC |
| 1:17-cv-00085-GJF-KBM | Carton v. Zia Trust, Inc. |
| 1:17-cv-00159-SMV-LF | Carton v. Kawips New Mexico, LLC |
| 1:17-cv-00160-GJF-LF | Carton v. LNU, et al |
| 1:17-cv-00228-LF-KK | Carton v. Up Your Alley, LLC |
| 1:17-cv-00229-KK-KBM | Carton v. Wells Fargo Bank New Mexico N A |
| 1:17-cv-00301-KK-JHR | Carton v. Eubank 3801, LLC |

    1:17-cv-00305-KK-SCY   Carton v. LNU

    1:17-cv-00315-KK-KBM  Carton v. U.S. Bank National Association.

Defendants seek attorney fees from Plaintiff, Plaintiff's attorney Sharon Pomeranz and the litigation support firm assisting them, Litigation Management and Financial Services, LLC ("LMFS"), pursuant to the ADA, and pursuant to Rule 11 and the Court's inherent power for bad faith filing of malicious claims. No responses opposing the motions have been filed. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion"). The Court notified LMFS of the motions seeking attorney fees from LMFS and ordered LMFS to show cause why the Court should not impose sanctions against LMFS. *See* Doc. 34, filed January 16, 2018. LMFS did not respond to the Court's Order to show cause why the Court should not impose sanctions against LMFS.

**Imposing Attorney-Fee Sanction Pursuant to Rule 11**

  When it sanctions a party for abuse of process by an award of fees and cost, the Court is governed by the following:

> First, the amount of fees and costs awarded must be reasonable. Second, the award must be the minimum amount reasonably necessary to deter the undesirable behavior. And third, because the principal purpose of punitive sanctions is deterrence, the offender's ability to pay must be considered. Depending on the circumstances, the court may consider other factors as well, including the extent to which bad faith, if any, contributed to the abusive conduct.

*Farmer v. Banco Popular of North America*, 791 F.3d 1246, 1259 (10th Cir. 2015). The lodestar method to determine the reasonableness of fee requests described in *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1988), is an acceptable approach under such circumstances. *Farmer v. Banco Popular of North America*, 791 F.3d at 1259. "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'"

*Robinson v. City of Edmond*, 160 F.3d at 1281 ("a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee").

**Reasonable Fees and Costs**

The Court has reviewed the claimed attorney fees, the hours expended and the hourly rates charged.[1] Defendants claim a total of approximately $79,000.00 in fees and costs based on

---

[1] **1:17-cv-00038-KBM-JHR  Carton v. Cole MT Albuquerque (San Mateo) NM LLC**
Defendant seeks $15,955.20 in fees and $2,397.00 costs based on the following rates: (i) partner: $725/hour; (ii) associates: $445/hour and $425/hour; (iii) paralegal: $310/hour. 26.3 attorney hours charged. *See* Doc's 30-32 (partially redacted narrative/work description).

**1:17-cv-00040-KK-SCY     Carton v. HDY LLC**
Defendant seeks a total of $2,015.63 in fees and taxes based on the following rates: (i) attorney: $150.00/hour; and (ii) attorney: $175.00/hour. 11.4 attorney hours charged. *See* Doc. 23.

**1:17-cv-00063-JHR-SCY     Carton v. Cole AB Albuquerque NM, LLC**
Defendant seeks $6,373.70 in fees based on the following rates: (i) partner: $725/hour; (ii) associates: $445/hour and $425/hour; (iii) paralegal: $310/hour. 12.4 attorney hours charged. *See* Doc. 21-22 (partially redacted narrative/work description).

**1:17-cv-00083-LF-JHR       Carton v. Southwest Capital Projects, LLC**
Defendant seeks $1,613.58 in fees and costs based on an attorney rate estimated to be $190.00/hour. 7.9 attorney hours charged. *See* Doc. 22 (no narrative/work description, but included attorney affidavit).

**1:17-cv-00085-GJF-KBM    Carton v. Zia Trust, Inc.**
Defendant seeks $7,572.87 in fees and costs based on attorney rates of $295/hour to $350/hour. 36.3 attorney hours charged. *See* Doc. 28.

**1:17-cv-00159-SMV-LF     Carton v. Kawips New Mexico, LLC**
Defendant seeks $4,269.37 in fees and costs based on the following rates: (i) attorney: $300.00/hour; and (ii) associate attorney: $200.00/hour. Less than 19.0 attorney hours charged. *See* Doc. 24 (no narrative/work description, but included attorney affidavit with summary of work).

**1:17-cv-00160-GJF-LF       Carton v. LNU, et al**
Defendant seeks $3,509.88 in fees and costs based on the following rates: (i) attorney: $275.00/hour; (ii) senior associate attorney: $200.00/hour; (iii) associate attorney: $175.00/hour; and (iv) paralegal: $115.00/hour. Less than 12.4 attorney hours charged. *See* Doc. 22 (no narrative/work description, but included attorney affidavit with summary of work).

attorney rates of $150.00/hour to $725.00/hour. The Court finds that hourly rates up to $350.00/hour are reasonable. *See* Doc. 441, filed March 27, 2014, in *Jaramillo v. Hickson*, No. 09cv634 JCH/WDS (D.N.M.) (finding rates up to $350.00/hour depending on experience reasonable in the Albuquerque market). The Court will reduce by 50 percent the fees claimed in the three cases where the hourly rates charged for attorneys, associate attorneys and paralegals were $624.00-$725.00, $310.00-$445.00 and $279.00-$310.00, respectively. *See* n.1, 17cv38, 17cv63 and 17cv229.

The number of hours charged by attorneys for each Defendant ranged from 7.9 hours to 36.3 hours, with the average being about 18.0 hours. The attorneys charged for time to review complaints, the Proposed Findings and Recommended Disposition and Court Orders, to discuss strategy and status of the case with their clients, to visit Defendants' businesses, to do legal

---

**1:17-cv-00228-LF-KK        Carton v. Up Your Alley, LLC**
Defendant seeks $3,496.25 in fees and taxes based on a rate of $250.00/hour. 11.6 attorney hours charged. *See* Doc. 23.

**1:17-cv-00229-KK-KBM     Carton v. Wells Fargo Bank New Mexico N A**
Defendant seeks $12,177.80 in fees based on the following rates: (i) attorney: $624/hour; (ii) associates: $331/hour and $310/hour; and (iii) paralegal: $279/hour. 25.4 attorney hours charged. *See* Doc's 23-25 (partially redacted narrative/work description).

**1:17-cv-00301-KK-JHR      Carton v. Eubank 3801, LLC**
Defendant seeks $3,165.35 in fees and costs based on the following rates: (i) attorney: $275.00/hour; (ii) senior associate attorney: $200.00/hour; (iii) associate attorney: $175.00/hour; and (iv) paralegal: $115.00/hour. Less than 13.8 attorney hours charged. *See* Doc. 24 (no narrative/work description, but included attorney affidavit with summary of work).

**1:17-cv-00305-KK-SCY      Carton v. LNU**
Defendant seeks $5,115.21 in fees and taxes based on rates of $325.00/hour and $275.00/hour. 15.6 attorney hours charged. *See* Doc. 23 (no narrative/work description, but included attorney affidavit).

**1:17-cv-00315-KK-KBM     Carton v. U.S. Bank National Association**
Defendant seeks $11,152.10 in fees and expenses based on attorney rates of $275/hour to $290/hour. 23.7 attorney hours charged. *See* Doc. 21.

research, to prepare for and attend hearings, to draft answers and motions to dismiss, and for correspondence and discussions with Plaintiff's counsel regarding settlement. The Court has reviewed the narratives/descriptions of the work they performed and finds the number of attorney hours were reasonably expended.[2]

**Minimum Amount Reasonably Necessary to Deter Undesirable Behavior**

On October 17, 2017, the New Mexico Supreme Court issued an Order accepting Ms. Pomeranz' resignation and withdrawing her membership to practice law in lieu of discipline for knowingly filing the frivolous lawsuits. *See* State Bar of New Mexico, 57 Bar Bulletin No. 5, at 9 (January 31, 2018). Ms. Pomeranz cannot apply for readmission or reinstatement to the State Bar of New Mexico for three years and, prior to reinstatement; must reimburse the Client Protection Fund, make restitution to any clients owed money, successfully complete all continuing legal credit requirements applicable to active New Mexico attorneys during her absence from the practice of law, and successfully pass the MPRE. *See id.* Given Ms. Pomeranz' resignation from the State Bar of New Mexico and the conditions imposed by the New Mexico Supreme Court, this Court finds that a sanction in the form of an award of attorney fees is not necessary to deter Ms. Pomeranz from such behavior in the future.

**Ability to Pay**

---

[2] The narratives/work descriptions for three of the cases were redacted in parts. *See* 17cv38, 17cv63 and 17cv229. In three cases the attorneys provided an affidavit with a summary of the work they performed. *See* 17cv159 (19.0 hours), 17cv160 (less than 12.4 hours) and 17cv301 (less than 13.8 hours). In two of the cases the attorneys provided an affidavit stating the work they performed was necessary to defend their clients. *See* 17cv83 (7.9 hours) and 17cv305 (15.6 hours). The Court finds that the redacted narratives/work descriptions and the affidavits are sufficient to show that the hours charged in these cases are reasonable, given that: (i) no responses opposing the claimed hours have been filed; and (ii) the hours charged are similar to or less than those charged in identical cases with narratives/work descriptions.

Plaintiff's Application to proceed *in forma pauperis* indicates that her monthly income is $2,500.00 in disability payments and SSDI Veterans Funds, that her monthly expenses total $2,295.00, and that she is confined to a wheelchair and is unable to work. *See* Doc. 2, filed January 13, 2017. The Court finds that Plaintiff is unable to pay the reasonable attorney fees and costs claimed by Defendants.

**Litigation Management and Financial Services, LLC ("LMFS")**

United States Magistrate Judge Karen B. Molzen noted that "LMFS played such an extensive role in these cases that it virtually ran the litigation from start to finish." Proposed Findings and Recommended Disposition at 22-26, n.3, Doc. 26, filed July 10, 2017 ("PFRD"). The Court adopted the PFRD, dismissed the pending cases with prejudice and granted Defendants leave to file motions for attorney fees. *See* Doc. 28, filed October 26, 2017. The Court notified LMFS that some Defendants had filed motions seeking attorney fees from LMFS and ordered LMFS to show cause why the Court should not impose sanctions against LMFS. *See* Doc. 34, filed January 16, 2018. LMFS did not respond to the Court's Order to show cause why the Court should not impose sanctions against LMFS. Because LMFS was responsible for the misconduct in these cases, the Court will sanction LMFS by awarding the reasonable attorney fees to Defendants.

**Motion to Appoint Guardian Ad Litem**

Plaintiff has filed four motions to appoint a guardian ad litem for Plaintiff alleging "Plaintiff has cognitive difficulty in understanding complex legal issues due to her lifetime diagnosis of spina bifida and related hydrocephaly." Doc. 33, filed February 8, 2018, in 17cv85; Doc. 27, filed February 8, 2018 in 17cv159, Doc. 26, filed February 12, 2018, in 17cv228; Doc. 27, filed February 12, 2018 in 17cv305. Fed. R. Civ. P. 17(c)(2) provides: "The court must

appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." "Rule 17(c)(2) does not require a district court to make a *sua sponte* determination of competency whenever a question exists regarding a plaintiff's mental capacity; instead, the duty to appoint a guardian ad litem or 'make such order as it deems proper,' Fed. R. Civ. P. 17(c)(2), is triggered by 'actual documentation or testimony' of mental incompetency [by a mental health professional, a court of record, or a relevant public agency]." *Perri v. City of New York*, 350 Fed.Appx. 489, 491 (2d Cir. 2009); *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) ("A court is not required to conduct a *sua sponte* determination whether an unrepresented litigant is incompetent unless there is some verifiable evidence of incompetence"). The Court will deny the motions to appoint a guardian ad litem because the motions do not present any verifiable evidence of incompetence, and because Plaintiff is currently represented by counsel. *See* Doc. 33, filed December 11, 2017 (entry of appearance of Valdez and White Law Firm, LLC, as counsel for Plaintiff).

**Dismissal of Cases**

In its Memorandum Opinion and Order adopting Judge Molzen's Proposed Findings of Fact and Recommended Disposition, the Court dismissed with prejudice Plaintiff's claims against Defendants as malicious pursuant to the statute governing proceedings *in forma pauperis*. *See* Doc. 28 at 6-7, filed October 26, 2017. Having dismissed all of Plaintiff's claims and having ruled on the remaining pending motions, the Court will dismiss the cases listed below with prejudice.

    **IT IS ORDERED** that:

(i) the following motions for attorney fees are **GRANTED in part**:

    (a) Doc. 30, filed November 16, 2017, in 1:17-cv-00038-KBM-JHR Carton v. Cole MT Albuquerque (San Mateo) NM LLC;

7

(b) Doc. 23, filed November 16, 2017, in 1:17-cv-00040-KK-SCY Carton v. HDY LLC;

(c) Doc. 21, filed November 16, 2017, in 1:17-cv-00063-JHR-SCY Carton v. Cole AB Albuquerque NM, LLC;

(d) Doc. 22, filed November 3, 2017, in 1:17-cv-00083-LF-JHR Carton v. Southwest Capital Projects, LLC;

(e) Doc. 28, filed November 16, 2017, in 1:17-cv-00085-GJF-KBM Carton v. Zia Trust, Inc.;

(f) Doc. 24, filed November 8, 2017, in 1:17-cv-00159-SMV-LF Carton v. Kawips New Mexico, LLC;

(g) Doc. 22, filed November 16, 2017, in 1:17-cv-00160-GJF-LF Carton v. LNU, et al;

(h) Doc. 23, filed November 15, 2017, in 1:17-cv-00228-LF-KK Carton v. Up Your Alley, LLC;

(i) Doc. 23, filed November 16, 2017, in 1:17-cv-00229-KK-KBM Carton v. Wells Fargo Bank New Mexico N A;

(j) Doc. 24, filed November 16, 2017, in 1:17-cv-00301-KK-JHR Carton v. Eubank 3801, LLC;

(k) Doc. 23, filed November 16, 2017, in 1:17-cv-00305-KK-SCY Carton v. LNU;

(l) Doc. 21, filed November 16, 2017, in 1:17-cv-00315-KK-KBM Carton v. U.S. Bank National Association.

(ii) the Court **SANCTIONS** Litigation Management and Financial Services, LLC and **AWARDS** Defendants attorney fees and costs in the following amounts for the following cases:

(a) $10,394.60 for 1:17-cv-00038-KBM-JHR Carton v. Cole MT Albuquerque (San Mateo) NM LLC;

(b) $2,015.63 for 1:17-cv-00040-KK-SCY Carton v. HDY LLC;

(c) $3,186.85 for 1:17-cv-00063-JHR-SCY Carton v. Cole AB Albuquerque NM, LLC;

(d) $1,616.28 for 1:17-cv-00083-LF-JHR Carton v. Southwest Capital Projects, LLC;

(e) $11,595.04 for 1:17-cv-00085-GJF-KBM Carton v. Zia Trust, Inc.;

(f) $4,269.37 for 1:17-cv-00159-SMV-LF Carton v. Kawips New Mexico, LLC;

(g) $3,186.35 for 1:17-cv-00160-GJF-LF Carton v. LNU, et al;

(h) $3,496.25 for 1:17-cv-00228-LF-KK Carton v. Up Your Alley, LLC;

(i) $6,088.90 for 1:17-cv-00229-KK-KBM Carton v. Wells Fargo Bank New Mexico N A;

(j) $3,509.88 for 1:17-cv-00301-KK-JHR Carton v. Eubank 3801, LLC;

(k) $5,180.21[3] for 1:17-cv-00305-KK-SCY Carton v. LNU;

(l) $11,152.10 for 1:17-cv-00315-KK-KBM Carton v. U.S. Bank National Association.

(iii) the following motions to appoint a guardian ad litem are **DENIED:**

(a) Doc. 33, filed February 8, 2018, in 1:17-cv-00085-GJF-KBM Carton v. Zia Trust, Inc.;

(b) Doc. 27, filed February 8, 2018, in 1:17-cv-00159-SMV-LF Carton v. Kawips New Mexico, LLC;

(c) Doc. 26, filed February 12, 2018, in 1:17-cv-00228-LF-KK Carton v. Up Your Alley, LLC;

(d) Doc. 27, filed February 12, 2018, in 1:17-cv-00305-KK-SCY Carton v. LNU.

(iv) the following cases are **DISMISSED with prejudice**:

| | |
|---|---|
| 1:17-cv-00038-KBM-JHR | Carton v. Cole MT Albuquerque (San Mateo) NM LLC |
| 1:17-cv-00040-KK-SCY | Carton v. HDY LLC |
| 1:17-cv-00063-JHR-SCY | Carton v. Cole AB Albuquerque NM, LLC |
| 1:17-cv-00083-LF-JHR | Carton v. Southwest Capital Projects, LLC |

---

[3] The motion for attorney fees requests an award of $5,419.61. The amount awarded, $5,180.21, is the sum of the billed and unbilled fees listed in the affidavit attached to the motion. *See* Doc. 23-1 at 2 in 17cv305.

    1:17-cv-00085-GJF-KBM  Carton v. Zia Trust, Inc.
    1:17-cv-00159-SMV-LF  Carton v. Kawips New Mexico, LLC
    1:17-cv-00160-GJF-LF  Carton v. LNU, et al
    1:17-cv-00228-LF-KK  Carton v. Up Your Alley, LLC
    1:17-cv-00229-KK-KBM  Carton v. Wells Fargo Bank New Mexico N A
    1:17-cv-00301-KK-JHR  Carton v. Eubank 3801, LLC
    1:17-cv-00305-KK-SCY  Carton v. LNU
    1:17-cv-00315-KK-KBM  Carton v. U.S. Bank National Association.


(v) the Clerk of the Court file this Order in each of the following cases:

    1:17-cv-00038-KBM-JHR  Carton v. Cole MT Albuquerque (San Mateo) NM LLC
    1:17-cv-00040-KK-SCY  Carton v. HDY LLC
    1:17-cv-00063-JHR-SCY  Carton v. Cole AB Albuquerque NM, LLC
    1:17-cv-00083-LF-JHR  Carton v. Southwest Capital Projects, LLC
    1:17-cv-00085-GJF-KBM  Carton v. Zia Trust, Inc.
    1:17-cv-00159-SMV-LF  Carton v. Kawips New Mexico, LLC
    1:17-cv-00160-GJF-LF  Carton v. LNU, et al
    1:17-cv-00228-LF-KK  Carton v. Up Your Alley, LLC
    1:17-cv-00229-KK-KBM  Carton v. Wells Fargo Bank New Mexico N A
    1:17-cv-00301-KK-JHR  Carton v. Eubank 3801, LLC
    1:17-cv-00305-KK-SCY  Carton v. LNU
    1:17-cv-00315-KK-KBM  Carton v. U.S. Bank National Association.


(vi) the Clerk of the Court shall mail a copy of this Order to:

    Litigation Management and Financial Services
    4110 Lewis Avenue
    Phoenix, AZ 85008

    Litigation Management and Financial Services
    4710 E. Falcon Drive Suite 121
    Mesa, AZ 85215

Litigation Management and Financial Services
        4840 E. Jasmine St. #105
        Mesa, AZ 85205

and email a copy of this Order to:

        craig@litmanco.com

        info@litmanco.com.


                                        _____
                                        **M. CHRISTINA ARMIJO**
                                        **UNITED STATES DISTRICT JUDGE**